HON. MARSHA PECHMAN

UNITED STATES DISTRICT COURT WESTERN DISTRICT
OF WASHINGTON AT SEATTLE

PAUL McTAGGART,
    Plaintiff

vs.

ACE AMERICAN INSURANCE COMPANY

    Defendants

CAUSE NO. C12-1293 MJP

**MOTION TO REMAND
28 U.S.C. § 1447**

MOTION DATE: August 24, 2012

## RELIEF REQUESTED

Plaintiff Paul McTaggart requests an order remanding this matter to King County Superior Court, and the award of attorneys fees and costs on the grounds that this matter was improperly removed without an objectively reasonable basis for doing so.

**MOTION TO REMAND - 1**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
SEATTLE, WASHINGTON 98136
Telephone: (206) 587.0590
Fax: (206) 587.2388

# FACTS

Background Facts

The background facts are set out in the state court complaint in this matter, which is attached to the Declaration of Fonda, Dkt. 2, Exhibit A.

Plaintiff Paul McTaggart owns the yacht COHO. On or about July 7, 2011, the engine of the COHO suffered damage.

Defendant, Ace American Insurance Company, issued Plaintiff a Yachtsman/Boatsman Policy of insurance which was in effect at the time of the loss.

Mr. McTaggart notified defendant of a claim for the engine damage on or about July 17, 2011. Defendant denied the claim on or about August 9, 2011. Defendant denied the claim on the basis that the engine failure was due to "wear and tear and gradual deterioration", which are exclusions under the policy. Plaintiff alleges the engine failure was not due to wear and tear and gradual deterioration.

Plaintiff filed suit in King County Superior Court alleging Defendant has engaged in unfair claims settlement practices violation of the Insurance Fair Conduct Act, RCW 48.30.015, and that defendant's conduct is an unfair business practice as defined in RCW 19.86.

Relevant Facts re Lack of Federal Court Jurisdiction

*Federal Question*

All statutes in issue are state statutes. No constitutional questions are raised. No treaties are implicated. No federal statutes are asserted.

**MOTION TO REMAND - 2**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
SEATTLE, WASHINGTON  98136
Telephone: (206) 587.0590
Fax: (206) 587.2388

*Admiralty or Maritime*

At issue is a policy of marine insurance. Therefore <u>Plaintiff</u> could have brought this action in this court's original jurisdiction over maritime contracts. For that very reason, Defendant is barred from removing this matter from state court.

<u>Relevant Facts re Award of Attorneys Fees and Expenses</u>

Rather than simply appear and answer in state court, Defendant filed a petition to remove the matter to federal court. Defendant's subjective motivation to bring this matter to federal court is irrelevant. What is relevant only is whether there was "an objectively reasonable basis for removal."

Plaintiff did not cause the erroneous removal by misrepresenting facts, nor by taking steps to divest the court of jurisdiction after the removal.

Defendant was cited to the *Romero* case and given a reasonable time to reassess its decision and dismiss without further ado. *See, Declaration of Carew*. Defendant was given an additional extension to August 8, 2012. *See, Declaration of Carew.*

**ARGUMENT**

It is basic "hornbook law" that a maritime case may not be removed to federal court. As an example, see the attached, which is a copy of the relevant page of Davis, *Maritime Law Deskbook*, (2010 ed.)(p. 16). *See also*, Wright & Miller: Federal Prac. & Proc. § 3672, "The Saving-to-Suitors Clause" (2012) ; Am. Jur. 2d Admiralty § 101, "Jurisdiction in cases on law side of federal court"

**MOTION TO REMAND - 3**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
SEATTLE, WASHINGTON  98136
Telephone: (206) 587.0590
Fax: (206) 587.2388

## THERE IS NO SUBJECT MATTER JURISDICTION

### 1. An Action on a Marine Insurance Policy is Within the <u>Original Jurisdiction</u> of the Federal Courts

Nothing really more needs to be said, and Defendants acknowledge it. An action under a marine insurance policy could be brought under the court's <u>original jurisdiction</u> pursuant to 46 U.S.C. 1333. The principle is stated by the District Court of Hawaii:

> An action on a marine insurance policy is indisputably within the original admiralty and maritime jurisdiction of the federal courts. *Wilburn Boat Co. v. Fireman's Fund Ins. Co.,* 348 U.S. 310, 313–14, 75 S.Ct. 368, 370–71, 99 L.Ed. 337 (1955); *Ins. Co. v. Dunham,* 78 U.S. (11 Wall.) 1, 20 L.Ed. 90 (1870); *Royal Ins. Co. of America v. Pier 39 Ltd.,* 738 F.2d 1035, 1036 (9th Cir.1984).

*Queen Victoria Corp. v. Ins. Specialists of Hawaii, Inc.*, 694 F. Supp. 1480, 1482 (D. Haw. 1988)

### 2. Removal of Maritime Cases From State Court Is Not Permitted by the "Saving to Suitors" Clause

In law school, the Saving to Suitors Clause is the subject not only of maritime laws courses, but federal procedure courses. The Saving to Suitors Clause was part and parcel of the very creation of the federal court system. It was in the Judiciary Act of 1789.

> The Judiciary Act of 1789, which conferred admiralty jurisdiction on the district courts, also reserved to plaintiffs their right to choose a state forum. In its present form, the saving to suitors clause of the Act provides that:
>   The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

**MOTION TO REMAND - 4**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
SEATTLE, WASHINGTON  98136
Telephone: (206) 587.0590
Fax: (206) 587.2388

> (1) Any civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled.*
> 28 U.S.C. § 1333 (1966) (emphasis added).

*Queen Victoria Corp. v. Ins. Specialists of Hawaii, Inc.*, 694 F. Supp. 1480, 1482 (D. Haw. 1988)

The federal Judiciary Act states the right of a plaintiff to seek relief in state court is <u>saved</u>, even though there may be concurrent maritime jurisdiction with the federal court.

### 3. Admiralty/Maritime Cases Are Not "Federal Question" Jurisdiction. They Do Not "Arise Under" the Constitution, Treaties or Laws of the United States

Admiralty law does not "aris[e] under the Constitution, treaties or laws of the United States" for purposes of removal pursuant to 28 U.S.C. § 1441. *Romero v. International Terminal Operating Co., 358 U.S. 354, 368, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959)*. Such "savings clause claims brought in state court are not removable ... absent some other jurisdictional basis, such as diversity or federal question jurisdiction." *Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1069 (9th Cir.2001)* (citing *Romero, 358 U.S. at 371, 79 S.Ct. 468*).

*Cornelio v. Premier Pacific Seafoods,* 279 F.Supp. 2d 1228 (W.D.Wash. 2003)(Lasnik, J.) *See*, Wright & Miller: Federal Prac. & Proc. § 3722," Removal Based on Federal Question Jurisdiction" (2012). *See also,* Wright & Miller: Federal Prac. & Proc. § 3728, "Removal of Particular Cases-Proceedings Under Other Statutes Providing for or Prohibiting Removal"

**MOTION TO REMAND - 5**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
SEATTLE, WASHINGTON  98136
Telephone: (206) 587.0590
Fax: (206) 587.2388

In *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959), the Supreme Court established that admiralty cases do not "arise under" the Constitution, treaties or laws of the United States.

*Queen Victoria Corp. v. Ins. Specialists of Hawaii, Inc.*, 694 F. Supp. 1480, 1482 (D. Haw. 1988)

As the Hawaii District court noted: "To allow removal to federal court once plaintiff has exercised his option to proceed in state court under the saving clause would render its guarantee of choice of forum a nullity." 694 F.Supp. 1480, 1483

Defendant suggests that the *Romero* case is limited to Jones Act personal injury matters. That is overwhelming case authority to the contrary. *See, e.g., J. J. Ryan & Sons, Inc. v. Cont'l Ins. Co.*, 369 F. Supp. 692 (D.S.C. 1974)(attempted removal of state court marine insurance dispute; remand ordered); *see also, Superior Fish Co., Inc. v. Royal Globe Ins. Co.*, 521 F. Supp. 437 (E.D. Pa. 1981*); Liebig v. DeJoy*, 814 F.Supp. 1074 (M.D.Fla.1993). And a further list of authorities was cited in *Eastern Steel & Metal Co. v. Hartford Fire Ins. Co.*, 376 F. Supp. 763, 766 (D. Conn. 1974):

> The principle of non-removability of maritime matters absent diversity has been followed frequently, see, e.g., Nesti v. Rose Barge Lines, Inc., 326 F.Supp. 170, 173 (N.D.Ill.1971); Harbor Boating Club v. Red Star Towing & Transportation Company, supra, 179 F.Supp. at 756; see also, Commonwealth of Puerto Rico v. Sea-Land Service, Inc., 349 F.Supp. 964, 977 (D.P.R.1970); 1A Moore's Federal Practice P0.167(3.-1), at 942-43 (2d ed. 1965).[4] The Supreme Court's reading of 'arising under' in § 1331 as not including maritime matters has also received extensive support, see, e.g., Dassigienis v. Cosmos Carriers & Trading Corporation, 442 F.2d 1016, 1017 (2d Cir. 1971); O. F. Shearer & Sons, Inc. v.

**MOTION TO REMAND - 6**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
SEATTLE, WASHINGTON  98136
Telephone: (206) 587.0590
Fax: (206) 587.2388

Decher, 349 F.Supp. 1214, 1217-1218 (S.D.W.Va.1972). See also 1A Moore's Federal Practice P0.167(3.-3), at 945-46 (2d ed. 1965).

*Eastern Steel & Metal Co. v. Hartford Fire Ins. Co.*, 376 F. Supp. 763, 766 (D. Conn. 1974)

**2.  ATTORNEYS' FEES SHOULD BE AWARDED BECAUSE THERE IS NO "OBJECTIVELY REASONABLE BASIS" FOR REMOVAL.**

Under 46 U.S.C. § 1447(c), the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The U.S. Supreme Court established the standard for awarding attorney's fees when remanding a case to state court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704 (2005).

The Supreme Court rejected the position that attorneys' fees should <u>only</u> be awarded if the removing party's position was "frivolous, unreasonable, or without foundation."  The Supreme Court found instead that the standard for awarding fees should turn on the reasonableness of the removal, and should be awarded "where the removing party lacked an <u>objectively reasonable basis</u> for seeking removal."  546 U.S. at 141.   (emphasis added)

### CONCLUSION

It is absolutely clear that maritime contract cases file in state court may not be removed under the guise of "federal question" jurisdiction. Maritime cases may not be removed, dating back to 1789. Defendant was not "objectively reasonable" in removing this case.

**MOTION TO REMAND - 7**

Filing the petition has caused plaintiff delay, and burdened this court and plaintiff. Plaintiff should be awarded at a minimum, attorney's fees and expenses related to the dismissal of this matter.

The matter must be remanded to state court.

Dated August 9, 2012.

                                                                             /s/_____
                                           SHANE C. CAREW, WSBA 10988
                                           Attorney for Paul McTaggart
                                           5450 California Ave. SW, Suite 101
                                           Seattle, Washington  98136
                                           Telephone: 206-587-0590
                                           Fax: 206-587-2388
                                           Email:shane@carewlaw.com
                                           Email: carol@carewlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically served the foregoing document with the Clerk of Court via the CM/ECF system upon all counsel of record on August 9, 2012; as indicated below:

Rodney Fonda
Cozen O'Connor
1201 3rd Avenue, Ste. 5200
Seattle, WA  98101-3071
Email: rfonda@cozen.com
**Via CM/ECF**

                                                          ____/s/_____
                                                          CAROL HARLOW

**MOTION TO REMAND - 8**

persuasive" and state courts need not follow their precedent, absent a definitive precedent by the Supreme Court. See also *Miller v. Pacific Trawlers, Inc.*, 131 P.3d 821, 2006 AMC 781 (Or. App. 2006), which stated that it is preferable that a state court follow the rule of the federal circuit in which it is located.

4. **Removal of state suits to federal courts.** 28 U.S.C. § 1441 permits removal of a suit from state court to federal district court if the cause of action is one within the "original jurisdiction" of United States District Courts. In the event that a removable claim is joined with a non-removable claim, it may be that there can be no removal. 28 U.S.C. § 1441(c) provides that neither claim can be removed unless the two are "separate and independent". See *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). *Brooks v. Maersk Line, Limited*, 396 F.Supp.2d 711, 2006 AMC 278 (E.D. Va. 2005), held that although removable and nonremovable claims are joined in a single action, the entire action properly can be removed to federal court if the removable claim is "separate and independent" of the nonremovable claim, the claims are not separate and independent if the all arise out of an interlocked series of transactions. Because of the obvious purpose of the Saving to Suitors Clause of § 1333, actions filed in state court cannot be removed to federal court on grounds only that they are within the admiralty jurisdiction, absent an independent basis for federal jurisdiction such as diversity of citizenship of the parties or that the cause of action involves a federal question. *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 1959 AMC 832 (1959); *In Re Dutile*, 935 F.2d 61, 1991 AMC 2979 (5th Cir. 1991); *Matherne v. Max Welders, Inc.*, 1992 AMC 147 (E.D. La. 1991); *Morales v. New Orleans Gulf Harbors Services, Inc.*, 703 F. Supp. 501, 1989 AMC 1070 (M.D. La. 1989). Thus, the basis for removal must be a specific jurisdictional statute, including diversity of citizenship or that the cause of action arises under a federal statute or the Constitution. *Pittman v. Port Allen Marine Services*, 794 F. Supp. 593, 1993 AMC 357 (M.D. La. 1992), held that there was no right to remove a general maritime claim originally filed in state court (absent diversity jurisdiction), as claims based on general maritime law do not involve a "federal question." See also *J. Aron & Co. v. Chown*, 1996 AMC 195 (S.D. N.Y. 1995). Section 1441(b) provides that citizenship or residence of the parties is irrelevant if the cause of action arises "under the Constitution, treaties or laws of the United States", but that other such actions (such as actions within admiralty jurisdiction) which are filed in state court are removable only if there is complete diversity of citizenship between the parties (none of the defendants properly joined and served as defendants is a citizen of the state where the action is brought) and the removal is undertaken by non-forum defendants. See, e.g., *De Bello v. Brown & Root, Inc.*, 809 F. Supp. 182, 1993 AMC 1808 [DRO] (E.D. Tx. 1992).

    (a) **Removal of maritime law claims generally.** Admiralty law does not "arise under the Constitution, treaties or laws of the United States" for purposes of removal pursuant to 28 U.S.C. § 1441. *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 1959 AMC 832 (1959). Non-statutory causes of action that are within admiralty jurisdiction but, at the plaintiff's election, are filed in state court, are not removable to federal court on federal question jurisdiction. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061 (9th Cir. 2001); *Little v. RMC Pacific Materials, Inc.*, 2005 U.S. Dist. Lexis 14338 (N.D. Ca. 2005); *Cornelio v. Premier Pacific Seafoods, Inc.*, 279 F.Supp.2d 1728, 2004 AMC 96 (W.D. Wa. 2003). Although the admiralty and maritime nature of a case does not provide a basis for removal of a case from state court to federal court, a maritime case may be removed for diversity of citizenship or if it meets the test of a "federal question" other than its maritime character. See D. Robertson & M. Sturley, "Recent Developments", 31 TUL. MAR. L. J. 463, 548-49 (2007).

    (b) **Removal of claims arising under the Jones Act.** As the Jones Act, 46 U.S.C. § 30104, incorporates the Federal Employers' Liability Act (see "VII.I.3", *infra*), and the FELA bars removal of actions filed in state court, 28 U.S.C. § 1445(a), Jones Act cases may not be removed. *Fields v. Pool Offshore, Inc.*, 182 F.3d 353 (5th Cir. 1999), stated the general rule is that Jones Act cases are not removable, but "a fraudulently pleaded Jones Act claim does not bar removal." See also *Burchett v. Cargill, Inc.*, 48 F.3d 173, 1995 AMC 1576 (5th Cir. 1995): "defendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal." See also *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202 (5th Cir. 1993), which held that a federal court must remand a case to state court if, on the face of the pleadings, the plaintiff alleges sufficient facts to support a Jones Act case. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 2001 AMC 913 (2001), stated that a Jones Act claim is not subject to removal even in the event of diversity of the parties. *Wamsley v. Tonomo Marine, Inc.*, 287 F.Supp.2d 657, 2003 AMC 2887 (S.D. W.V. 2003), collects cases which hold that Jones Act cases cannot be removed because of diversity, even if the Jones Act claims are joined with general maritime law causes of action, if all of the causes of action arise out of the same incident. See also *Hicks v. Waterman S.S. Corp.*, 2009 AMC 2257 (S.D. Tx. 2009). *Hopkins v. Dolphin Titan Int'l, Inc.*, 976 F.2d 924, 1993 AMC 652 (5th Cir. 1992), determined that there is no "federal question" basis for removal of general maritime claims which are not "sufficiently separate and distinct" from Jones Act claims. *Fields v. Pool Offshore, Inc.* In re *Digicon Marine, Inc.*, 1992 AMC 2676 (5th Cir. 1992), held that the Oceanographic Research Vessels Act, 46 U.S.C. § 50503, does not provide a basis for an employer to remove to federal court a crewmember's Jones Act action filed in state court. *Robbins v. Princess Cruise Lines, Ltd.*, 2007 AMC 2917 (C.D. Ca. 2007), identified another exception to the Jones Act/FELA no-removal rule. It allowed removal where the underlying claim requires arbitration pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201-209, on the rationale that rules of construction when a statute conflicts with an international treaty, the terms of the treaty govern, and federal question jurisdiction applies to application of the treaty.

    (c) **Removal of DOHSA claims.** Several precedents have reached conflicting conclusions on the issue whether a claim based on the Death on the High Seas Act, 46 U.S.C. § 30301 *et seq.*, may be removed. *Phillips v. Offshore Logistics*, 785 F. Supp. 1241 (S.D. Tx. 1992), held that DOHSA actions can be removed. *Argandona v. Lloyd's Registry of Shipping*, 804 F. Supp. 326, 1993 AMC 336 (S.D. Fl. 1992); and *In re Waterman S.S. Corp.*, 1992 AM 2665 (E.D. La. 1992), discussed whether claims arising under the Death on the High Seas Act, 46 U.S.C. § 30301 *et seq.*, are removable as "arising under a federal statute". *Filho v. Pozos Int'l Drilling Services, Inc.*, 662 F. Supp. 94 (S.D. Tx. 1987), held that DOHSA states that a cause of action under the Act is an admiralty claim, creating no rights separate and distinct from general maritime law, hence