UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL McTAGGART, | CASE NO. C12-1293MJP |
| Plaintiff, | REMAND ORDER |
| v. | |
| ACE AMERICAN INSURANCE CO., | |
| Defendant. | |

This matter comes before the Court on the motion to remand filed by Plaintiff Paul McTaggart. (Dkt. No. 5.) Having reviewed the motion, Defendant's opposition (Dkt. No. 7), Plaintiff's reply (Dkt. No. 9), and all related filings (Dkt. Nos. 6, 8), the Court GRANTS Plaintiff's motion.

REMAND ORDER- 1

**Background**

This case arises out of a dispute over a maritime insurance policy. Plaintiff Paul McTaggart own the yacht COHO, which suffered engine damage in July 2011. (Dkt. No. 5 at 2.) Plaintiff filed an insurance claim with Defendant, Ace American Insurance Company, which was denied on the basis that the engine damage had resulted from "wear and tear and gradual deterioration," which are exclusions under the policy. (Id.)

Plaintiff originally filed suit in King County Superior Court alleging violations of Washington's Insurance Fair Conduct Act, RCW 48.30.015, and Consumer Protection Act, RCW 19.86. (Id.) Plaintiff's state law complaint did not explicitly invoke the saving to suitors clause. (Dkt. No. 7 at 1.) Defendant removed the case to this Court, claiming that the case involved federal questions over insurance on a seagoing vessel. (Id.) The parties are diverse but the monetary amount in dispute does not meet the required threshold for diversity jurisdiction. (Id.)

Plaintiff now seeks remand to state court, arguing that the saving to suitors clause of the federal Judiciary Act reserved to plaintiffs their right to choose a state forum, and that removal of maritime cases from state court is not permitted, absent some other jurisdictional basis, such as diversity or federal question jurisdiction. (Dkt. No. 5 at 4-5.) Defendant asserts that some courts have permitted removal in non-Jones Act cases, and fills more than half its opposition brief with a single block quotation from a case from the Southern District of New York, McAllister Brothers v. Oceans Marine Indemnity Co. 742 F. Supp. 70 (S.D.N.Y. 1989).

**Analysis**

A. The Saving to Suitors Clause

Although the Judiciary Act of 1789 granted the federal trial courts "original exclusive cognizance of all civil causes of admiralty and maritime jurisdiction," it also reserved to "suitors,

in all cases, the right of a common law remedy, where the common law is competent to give it." Act of Sept. 24, 1789, § 9, 1 Stat. 76 (revised by 62 Stat. 931, amended May 24, 1949); 14A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3672 (3d ed. 2012). The clause, in its present form, appears in § 1333(1) of Title 28, and gives the district courts original jurisdiction, "exclusive of the courts of the State," of "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1).

In Romero v. Int'l Terminal Operating Co., the Supreme Court interpreted the saving to suitors clause as stating that, "[e]xcept in diversity cases, maritime litigation brought in state courts could not be removed to the federal courts." 358 U.S. 354, 363 (1959). The Romero Court also clarified that admiralty cases are not considered as arising under the Constitution or laws of the United States. Id. at 369. The Ninth Circuit has since held that "savings clause claims brought in state court are not removable . . . absent some other jurisdictional basis, such as diversity or federal question jurisdiction." Morris v. Process Cruises, Inc., 236 F.3d 1061, 1069 (9th Cir. 2001); see also Cornelio v. Premier Pacific Seafoods, Inc., 279 F. Supp. 2d 1228, 1230 (W.D. Wash. 2003).

The plain language of the saving to suitors clause mandates the remand of this case to state court. Plaintiff elected to file his case in state court seeking remedies under state law. (Dkt. No. 5 at 1.) As another district court explained, "[t]o allow removal to federal court once plaintiff has exercised his option to proceed in state court under the saving clause would render its guarantee of choice of forum a nullity." Queen Victoria Corp. v. Ins. Specialists of Hawaii, Inc., 694 F. Supp. 1480, 1483 (D. Haw. 1988). Defendant's extensive citation of McAllister Brothers also does not justify removal. 742 F. Supp. 70. Rather, the section of McAllister Brothers cited

discusses a complex alternate scenario: where plaintiffs mistakenly file an action in state court that could fall within the saving to suitors exception to exclusive admiralty jurisdiction, but actually intended to file the action as one in admiralty. Id.; (Dkt. No. 7 at 4). That is not the case here. While Plaintiff did not explicitly invoke the saving to suitors clause in his state law complaint, neither is there any evidence that Plaintiff mistakenly filed in state court, or that he acquiesced to federal jurisdiction. Id. McAllister Brothers does not apply. 742 F. Supp. 70.

### B. Attorney Fees

An award of attorney's fees and costs is appropriate here because Defendant lacked any objectively reasonable basis for seeking removal. Title 46, Section 1447(c) of the United States Code provides that the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Fees should be awarded where a removing party lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). There is no ambiguity about the applicability of the saving to suitors clause here. Defendant's observation that "removal of cases involving marine insurance certainly have created a lot of case law" also does not support its position that it had a reasonable basis for removal. (Dkt. No. 7 at 1.) Unlike McAllister Brothers and Romero, the present case is simple: There is no question that Plaintiff's claims are admiralty claims and there is no question that Plaintiff chose a state forum. See Cornelio, 279 F. Supp. 2d at 1230.

Defendant is therefore ORDERED to pay costs and actual expenses incurred as a result of removal.

### Conclusion

Because the saving to suitors clause gives plaintiffs a choice of federal or state forum in admiralty cases involving common law claims, Plaintiff's motion for remand is GRANTED. The case shall be remanded to King County Superior Court. The clerk is directed to mail a copy of

1 this order of remand to the clerk of the state court. Defendant is ORDERED to pay fees, costs,
2 and actual expenses incurred as a result of the removal. Plaintiff shall submit an accounting of
3 his fees, costs, and expenses related to the removal petition within 10 days of the entry of this
4 order.

5       The clerk is ordered to provide copies of this order to all counsel.

6       Dated this 12th day of October, 2012.

                                    Marsha J. Pechman
                                    United States District Judge